MONTGOMERY WARD & CO., INCORPORATED, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 83–5049, 83–5160.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 13, 1984.

Decided March 2, 1984.

Dean E. Denlinger (argued), Smith & Schnacke, Cincinnati, Ohio, Alexandra M. Goddard (Lead), Chicago, Ill., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., John Rubin (argued), George I. Hamano, N.L. R.B., Seattle, Wash., for respondent.

Before MARTIN, JONES and CONTIE, Circuit Judges.

PER CURIAM.

Montgomery Ward & Co., Inc., seeks a review of a decision by the National Labor Relations Board, 263 N.L.R.B. 17 (1982), finding Ward had violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), by instigating the arrest and removal from Ward's public snack bar of two nonemployee union representatives. The Board seeks enforcement of its order pursuant to 29 U.S.C. § 160(e) and (f).

On November 25, 1980, nonemployee union organizers Michael Wright and Sam Tillett entered Ward's public snack bar located in its Yakima, Washington store. Both purchased beverages from the counter and then sat down at a table. While seated, Wright and Tillett spoke with Ward employees who joined them at their table. Approximately four feet from their table, Sherry Gimlin, a Ward employee who knew Wright, was seated at an adjacent table with three other employees. When Gimlin asked Wright about a union-related matter, Wright moved his chair to Gimlin's table in order to hear Gimlin.

The store manager, Jim Schaeffer, had been observing Wright and Tillett during this period. Seeing Wright move his chair next to Gimlin's table, Schaeffer approached the table and accused Wright of bothering the employees. After Gimlin indicated that Wright was not bothering them, Schaeffer revoked Wright's visitation privileges. When Wright refused to leave, Schaeffer summoned the police. Both Wright and Tillett were arrested by the police and cited for criminal trespass. They were escorted from the premises in view of several Ward employees.

An unfair labor practice charge was filed against Ward, and a hearing was held on August 4, 1981. The administrative law judge found that Ward had not violated Section 8(a)(1). On appeal to the Board, this decision was reversed. The Board found that Ward had violated Section 8(a)(1) by removing and assisting in the arrest of union organizers Wright and Tillett. This decision was based upon the Board's conclusion that Wright and Tillett were soliciting employees in a manner consistent with the general use of a public snack bar. The Board's order directed Ward to cease and desist from the unfair labor practice found and from any like or related unfair labor practice interfering with its employees' right to organize, as recognized by Section 7 of the Act, 29 U.S.C. § 157.

Here, Ward claims that substantial evidence does not exist to support the Board's finding that it violated Section 8(a)(1), and the Board's order is impermissibly broad.

■ It is well established that the Board's decision is subject to limited judicial review. *NLRB v. Weingarten, Inc.,* 420 U.S. 251, 266–67, 95 S.Ct. 959, 968, 43 L.Ed.2d 171 (1975). Its findings must be upheld if supported by substantial evidence. *Beth Israel Hospital v. NLRB,* 437 U.S. 483, 501, 98 S.Ct. 2463, 2473, 57 L.Ed.2d 370 (1978); *Thomas Industries v. NLRB,* 687 F.2d 863, 866 (6th Cir.1982). Regarding Ward's first claim of error, both parties agree that union solicitation may be carried on incident to the normal use of public restaurant facilities located on an employer's property. The parties disagree, however, about the legal conclusions drawn from the facts in this case. Relying on *Marshall Field & Co.,* 98 N.L.R.B. 88, *mod.*

and enf'd on other grounds, 200 F.2d 375 (7th Cir.1952), and *Montgomery Ward & Co., Inc.,* 692 F.2d 1115 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1892, 77 L.Ed.2d 282 (1983), Ward asserts that union organizers can only solicit employees on employer property when such solicitation is done by appointment only, without movement from table to table and conducted in a discreet manner.

■ Contrary to Ward's assertions, however, we find that both *Marshall Field, supra,* and *Montgomery Ward, supra,* provide ample legal protection for the conduct challenged here. As noted in both *Marshall Field,* 98 N.L.R.B. at 94, and *Montgomery Ward,* 692 F.2d at 1125, union solicitation in an employer's public restaurant is permissible provided the solicitation is conducted "only as an incident to [the] normal use of such facilities." *Marshall Field* at 94. Applying this rule to the present case, it is clear there is substantial evidence in the record to support the Board's finding the solicitation involved here was carried on in a manner consistent with the normal use of Ward's public snack bar. There is no evidence that Wright's conduct "interfered with the ordinary functioning of the [snack bar] or with customer relations." *Montgomery Ward,* 692 F.2d at 1126.[1] "The usual . . . justifiable concerns surrounding solicitation in public areas open to customers—disruption of the business and inconvenience to customers—[were not threatened by Wright's behavior.]" *Montgomery Ward,* 692 F.2d at 1128.

■ Ward also claims that the board's order requiring Ward to cease and desist from interfering with union representatives conversing with its off-duty employees, and from otherwise interfering with its employees' rights under Section 7, is impermissibly broad under Section 10(a) of the Act. Section 10(c) mandates that the Board, upon finding an unfair labor practice, issue "an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action . . . as will effectuate the policies" of the Act. We believe that, except for the minor changes noted below, the Board's order is not overly broad. The order requires that Ward refrain from the specific conduct that the Board found violated Section 8(a)(1), namely: removing and causing the arrest of nonemployee union representatives legitimately on the premises of Ward's public snack bar. *See Montgomery Ward, supra,* 692 F.2d at 1128.

Accordingly, the cross motion of the Board to enforce its order is granted, except insofar as the order of the Board is amended to read as follows:

## ORDER

Pursuant to Section 10(c) of the National Labor Relations Act, as amended, the National Labor Relations Board hereby orders that the Respondent, Montgomery Ward & Co., Incorporated, Yakima, Washington, its officers, agents, successors, and assigns, shall:

1. Cease and desist from:

   (a) Interfering with, restraining, or coercing its employees by removing and causing the arrest of nonemployee union representatives who conduct themselves consistently with the purposes of Ward's public snack bar.

   (b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

   (c) Engaging in surveillance of employees and nonemployee union organizers who solicit in a permissible manner as described in paragraph 1(a) of this Order.

   (d) Attempting to prevent nonemployee union organizers from soliciting off-duty employees in its public snack bar by threatening to call the police

---

1. The presence or absence of an appointment between the employees and the union organizers was not dispositive in either case. Rather, the ultimate concern was whether the "organizational activities [were] carried on in a nondisruptive fashion consistent with the normal use of the restaurant." *Montgomery Ward,* 692 F.2d at 1125.

and have non-employees removed if they refuse to leave voluntarily, and by summoning police to arrest such organizers.

2. Take the following affirmative action necessary to effectuate the policies of the Act:

(a) Post at its Yakima, Washington, operation copies of a notice as drawn by the Board consistent with this opinion. Copies of said notice, on forms provided by the Regional Director for Region 19, after being duly signed by the Respondent's representative, shall be posted by the Respondent immediately upon receipt thereof, and be maintained by it for 60 consecutive days thereafter, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to insure that said notices are not altered, defaced, or covered by any other material.

(b) Notify the Regional Director for Region 19, in writing, within 20 days from the date of this Order, what steps the Respondent has taken to comply herewith.